GARBER ET AL. *v.* JOSEPH SKILKEN & COMPANY ET AL.

(No. 43914—Decided June 15, 1972.)

Common Pleas Court of Richland County.

*Messrs. Gongwer, Murray, Brown & Bemiller,* for plaintiff.
*Mr. Robert A. Mabee,* for defendant.

MAYER, J. Plaintiffs consist of twenty-five individuals who are Mansfield property owners. The fourteen defendants are respectively, a developer for apartment dwellings, the landowners who propose to sell to the developer, the city zoning inspector and the individual members of the Mansfield Board of Zoning Appeals.

The land in question consists of about 20.37 acres on Trimble Road, to the immediate north of the Presbyterian Church at the northeast corner of Trimble Road and Millsboro Road intersection. This land and the surrounding area is zoned R-1 permitting one and two family dwellings.

Fourteen pages of stipulations of fact were filed herein by counsel of record. The case was capably briefed and argued therein by able counsel on both sides. It has been submitted for decision of this court.

It was conceded that defendant landowners desired to

sell to said developer for construction of fifteen apartment dwellings which would contain 236 apartment units. Contemplated use would require an R-2 zoning district since R-1 prohibits development of multi-family apartment dwellings.

Said developer filed with the city an application for a Certificate of Occupancy and Improvement Location Permit to construct said fifteen apartment buildings, consisting of 236 units, with 401 parking spaces, to be developed and constructed. The zoning inspector denied such for the reason it would be in violation of Sec. 6 of Ordinance 54-388 (Zoning Code for the city of Mansfield, Ohio), in that no multiple-family dwellings are permitted in an R-1 classification, and that said application would violate Article I, Sec. 4 A, 3, of the zoning ordinance providing that all residential buildings must face on a public street or way. Thereafter appeal was taken to the city of Mansfield Board of Zoning Appeals, requesting a variance be granted to allow construction and development of multiple-family dwellings, which is an R-2 use classification, in the R-1 area herein described and referred to as Parcel A.

On November 13, 1969, said board undertook to grant a variance to permit construction of multiple-family dwellings. No application or petition has ever been filed for rezoning this land in question from R-1 to R-2 with the council of the city of Mansfield. At the hearing before the Board of Zoning Appeals no evidence was presented of any exceptional difficulty or undue hardship.

Did the Board of Zoning Appeals have authority under the law to grant a variance as they attempted to do, or was the doing of such a legislative function by rezoning and not an administrative function by variance? In instances where a Board of Zoning Appeals has authority to grant a variance, may it do so only upon evidence that the strict application of the ordinance would result in exceptional practical difficulty or undue hardship upon an owner? Answers to these questions determine the granting or refusing of the relief asked in this case.

Great has been the field of litigation in our country

with respect to zoning—the conflict between public right and private property rights always will remain. At times public officials have lost sight of the fact that planning and zoning are functions of government which cannot separately attain the end which justifies their existence. Both are concerned with community development and both seek this achievement through public control of private lands. Planning provides a pattern, zoning gives legal implementation calculated to insure development in accordance with such pattern. Planning is a product of our twentieth century. Growing pains are still being experienced. More will be felt. A community plan cannot be self-executing, sound and dedicated action is required, the only acceptable political expedience workable is community interest with partisan politics being unthinkable if the community is to have a successful plan. It was only in 1916 when New York City enacted the first comprehensive zoning ordinance. Ohio became a leader in zoning. In fact, one of the landmark decisions in the law of zoning by the Supreme Court of the United States concerned the ordinance of Euclid, Ohio. The ordinance was given general approval and since then comprehensive zoning has often been referred to as ''Euclidian Zoning.'' The basic premise was indorsed leaving more specific questions to future solution, case by case. *Euclid* v. *Ambler Realty Co.*, 272 U. S. 365; *Nectow* v. *Cambridge*, 277 U. S. 183.

Several sections of the Revised Code of Ohio provide that it is the function of the city legislative authority to determine number of districts, shape and area. (R. C. 713.07, 713.08 and 713.09.) Other sections pertain to amendments or change, and procedures to follow. (R. C. 713.10 and 713.12.) R. C. 713.11 authorizes the creating of an administrative board.

Now, pursuant to legislative authorization, the local zoning ordinance was enacted, and therein a Board of Zoning Appeals was created. Authority was granted to grant a variance from the terms of the zoning code where, owing to special conditions, a literal enforcement of the code ''will result in unnecessary hardship.'' It is noted in Art. VI,

Sec. 25 E of the Mansfield Zoning Code that *"nothing in this Ordinance shall give the Board the power to act for the Council of the City of Mansfield as set up in Sections 713.07 through Sections 713.12 of the Ohio Revised Code."* (Emphasis added by the court.) Going on to Section D we find in summary that where due to exceptional circumstances, the strict application of the code would "result in exceptional practical difficulty or undue hardship, the board has the power to vary the strict application of the code." Fifteen grounds are then enumerated upon which variance can be considered.

In the Stipulations of Fact, at page 12, it says: "* * * No evidence was submitted of any exceptional difficulty or undue hardship upon the owner of Parcel A other than showing that by reason of the location of the area and the development surrounding such parcel that the best and most practical useage (*sic*) of the area would be for apartment development." Best usage, it must be concluded, has economic connotations and could in no way be construed to present any exceptional practical difficulty or undue hardship in developing the property for the uses for which it was zoned.

The Mansfield Ordinance authorizes the board to make modifications or vary the strict application of any provisions of the Zoning Code which would result in undue hardship or exceptional practical difficulty. The local ordinance or any of the code sections (*supra*) do not delegate to the board or permit delegation to authorize a use different from that prescribed by the Zoning Code. A board cannot grant a 'variance' which would, in effect, amount to an amendment of the use provisions of the zoning ordinance. A board is an administrative body and without jurisdiction to do such. *Fox* v. *The Shriver-Allison Co.*, 28 Ohio App. 2d 175; *In re Zoning Variance of Gillen*, 21 Ohio Misc. 84; *State, ex rel. Basista* v. *Melcher*, 118 Ohio App. 37; *L & M Investment Co.* v. *Cutler*, 125 Ohio St. 12.

The division of a city into zoning districts and amendments or changes thereof is clearly a legislative function. In matters of such importance the public is entitled to the

same protection as when any ordinance is passed or amended. Improper exercise by boards and the like of legislative power can become a danger and undesirable factor in community life and development. If such is to be permitted, the character of a restricted area can be destroyed rather than safeguarded.

The power of the board must be limited in granting variations to adjusting practical difficulties and unusual emergencies which may arise in a particular case when the strict enforcement of the provision of the ordinance would constitute an unnecessary hardship. The unnecessary hardship must be unique to a particular owner's property. Unnecessary hardship exists where an existing and legal use cannot efficiently be continued because of insufficient parking facilities, or because of the size or shape of a lot, or the placement of an existing building. See Subject of Zoning, 58 O. Jur. 2d 180. In our instant case there was no evidence that permitted uses are not economically feasible, nor was there any evidence that a hardship unique to this property existed.

For the reasons stated herein and authorities cited this court holds that the variance granted by the Mansfield Board of Zoning Appeals should be, and hereby is, ordered vacated and is found to be null and void.

Lastly, let me say that the claim of certain defendants that variances for the same reason as asked in the instant case have in the past been granted in Mansfield by the same method and procedure does not impress this court as a valid reason. I do not know the peculiar facts of the claimed other instances. They could have been the same or could have been different. There is no merit to this claim, suffice it to say, that if errors have been made in the past that "Two wrongs never make a right."

*Judgment accordingly.*